**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

```
------------------------------X
                              :
RICHARD NAU                   :    Civil No. 3:21CV00019(SALM)
                              :
v.                            :
                              :
DANIEL PAPOOSHA, et al.       :    November 22, 2021
                              :
------------------------------X
```

<u>INITIAL REVIEW ORDER OF AMENDED COMPLAINT [Doc. #37]</u>

Self-represented plaintiff Richard Nau ("plaintiff"), who
is confined to the custody of the Connecticut Department of
Correction ("DOC"), brought this action pursuant to 42 U.S.C.
§1983 against nineteen defendants alleging a multitude of
constitutional violations at three different DOC facilities. <u>See</u>
Doc. #1.

On May 13, 2021, following an initial review of the
original Complaint, Judge Janet C. Hall permitted several of
plaintiff's claims to proceed, but also dismissed, without
prejudice, many of the claims and requests for relief asserted.
<u>See</u> Doc. #11 at 64-66. Judge Hall permitted plaintiff 30 days to
file an amended complaint, provided that plaintiff believed he
could allege facts sufficient to cure the deficiencies
identified in the Initial Review Order. <u>See</u> <u>id.</u> at 65. Judge
Hall explicitly warned plaintiff "that any amended complaint

1

will completely replace the prior complaint in the action, and that no portion of any prior complaint shall be incorporated into his amended complaint by reference." Id.

On August 19, 2021, plaintiff filed an Amended Complaint against Captain Papoosha, Warden Erfe, Director of Security Santiago, Director of Population Management and Offender Classification Magia, District Administrator Mulligan, Lieutenant Boyd, Commissioner Angel Quiros, Captain Taylor, Lieutenant Cuzio, Deputy Warden Guadarrama, CO Peracchio, CO Vargas, and CO Wright. See Doc. #37 at 2-4. Plaintiff sues these defendants in both their individual and official capacities. See id. at 1. Plaintiff's Amended Complaint asserts violations of his First, Fourth, Eighth, and Fourteenth Amendment rights under the United States Constitution; violation of his rights under Article First of the Connecticut Constitution; and state common law claims of intentional infliction of emotional distress, negligence, and conversion. See id. at 1, 22-23. Plaintiff seeks damages and injunctive relief. See id. at 24-25.

 On October 25, 2021, this matter was transferred to the undersigned. See Doc. #46.

## I.   Legal Standard

Pursuant to 28 U.S.C. §1915A, the Court must review "a complaint in a civil action in which a prisoner seeks redress

from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. §1915A(a). The Court is directed to dismiss any portion of the operative complaint that is frivolous or malicious, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. §1915A(b). In a case such as this where a plaintiff is self-represented and proceeding in forma pauperis, "[a] district court retains the authority — and indeed the duty — to sua sponte review the pleading sufficiency of [an] amended complaint." Praileau v. Fischer, 930 F. Supp. 2d 383, 389 (N.D.N.Y. 2013).

Although detailed allegations are not required, a complaint must include sufficient facts to afford a defendant fair notice of the claims and demonstrate a right to relief. See Bell Atlantic v. Twombly, 550 U.S. 544, 555-56 (2007). A plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." Id. at 570. Conclusory allegations are not sufficient. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

It is well-established that complaints filed by self-represented litigants "'must be construed liberally and interpreted to raise the strongest arguments that they suggest.'" Sykes v. Bank of Am., 723 F.3d 399, 403 (2d Cir.

2013) (quoting <u>Triestman v. Fed. Bureau of Prisons</u>, 470 F.3d 471, 474 (2d Cir. 2006)); <u>see also</u> <u>Tracy v. Freshwater</u>, 623 F.3d 90, 101-02 (2d Cir. 2010) (discussing special rules of solicitude for self-represented litigants). However, even self-represented parties must comply with Rule 8 and the other rules of pleading applicable in all federal cases. <u>See</u> <u>Harnage v. Lightner</u>, 916 F.3d 138, 141 (2d Cir. 2019).

## II.   <u>Factual Allegations</u>

The Court has carefully reviewed Judge Hall's Initial Review Order (Doc. #11) and the Amended Complaint (Doc. #37).[1] The factual allegations in the Amended Complaint largely reiterate the allegations of the original Complaint. <u>Compare generally</u> Doc. #1, <u>with</u> Doc. #37. Judge Hall thoroughly summarized the relevant facts in the Initial Review Order of the original Complaint. <u>See</u> Doc. #11 at 3-15. The Court accordingly assumes familiarity with the factual allegations of this matter and does not restate the factual allegations of the Amended Complaint herein, unless determinative to the review below.

---

[1] For purposes of this review, the Court assumes the factual allegations set forth in the Amended Complaint to be true and draws all reasonable inferences in plaintiff's favor. <u>See</u> <u>Iqbal</u>, 556 U.S. at 678-79.

III. **Discussion**

The Court first begins with a review of the claims Judge Hall permitted to proceed.

A.   Claims Permitted to Proceed

Following her review of the original Complaint, Judge Hall permitted the following claims to proceed:[2]

(1)  First Amendment retaliation claim against CO Vargas, CO Peracchio, Lieutenant Boyd, and Captain Taylor, related to plaintiff's allegations of a retaliatory search and disciplinary reports charging possession of contraband and SRG status. See Doc. #11 at 23-26.

(2)  First Amendment Free Exercise claim against Lieutenant Boyd for ordering plaintiff to remove his religious pendants. See id. at 30-31.

(3)  First Amendment Free Exercise claim against CO Peracchio, CO Vargas, CO Wright, Lieutenant Boyd, Captain Papoosha, Director Magia, Director Santiago, Lieutenant Cuzio and Warden Erfe, for designating plaintiff as SRG based on plaintiff's Asatru beliefs. See id. at 31-32.

(4)  First Amendment Establishment Clause claim against Captain Papoosha for his failure to recognize the Asatru faith. See id. at 33-34.

Because the Amended Complaint alleges the same, or

---

[2] The Court separately addresses below plaintiff's: Fourteenth Amendment procedural due process claims; Eighth Amendment conditions of confinement claims; intentional infliction of emotional distress claim; and requests for injunctive relief.

substantially the same facts as those set forth in the original Complaint for these claims, the above-referenced claims may still proceed beyond initial review. The Court next addresses the claims Judge Hall dismissed from this action.

B.   Severed and Dismissed Claims

Judge Hall severed and dismissed, without prejudice, plaintiff's "claims of Eighth Amendment violations stemming from the conditions of his confinement and medical indifference at facilities other than Cheshire, ADA violations, and Fourteenth Amendment due process violations arising from failure to conduct periodic reviews during his SRG placement." Doc. #11 at 16-17; see also id. at 14-19. The Court will not consider in this action plaintiff's allegations relevant to his time at MacDougall or Corrigan. Accordingly, these claims remain **DISMISSED** from this action.

C.   Claims Dismissed

Following her review of the original Complaint, Judge Hall dismissed the following claims, without prejudice:

(1) First Amendment Retaliation claim against CO Peracchio and Lieutenant Boyd related to the disciplinary report for threatening. See Doc. #11 at 21-22.

(2) Fourth Amendment claim against CO Vargas and CO Peracchio based on a search of plaintiff's property. See id. at 26-27.

6

(3)   Claims asserted against Warden Erfe and Deputy Warden Guadarrama related to the March 4, 2019, Search. See id. at 28.

(4)   First Amendment Free Exercise claim against Captain Taylor for designating plaintiff SRG based on plaintiff's Asatru beliefs. See id. at 32-33.

(5)   First Amendment Free Exercise claim against Captain Papoosha based on his comments regarding plaintiff's attending Catholic services. See id. at 33.

(6)   Fourteenth Amendment Equal Protection claims against Captain Papoosha, Lieutenant Boyd, CO Vargas, CO Peracchio, Captain Taylor, and Warden Erfe. See Doc. #11 at 35-37.

(7)   Fourteenth Amendment due process violation based on the deprivation of plaintiff's property used to designate him as SRG against CO Peracchio, CO Vargas, Captain Taylor, Lieutenant Boyd, Warden Erfe, and Captain Papoosha. See id. at 47-48.

(8)   All claims against Commissioner Quiros in his individual capacity. See id. at 52.

(9)   All claims for "violations of DOC Administrative Directives and deliberate indifference to prison Directive policies." Id. (sic).

(10)  All claims against defendants in their official capacities for monetary damages. See id. at 52-53.

(11)  All claims for declaratory relief. See id. at 53-54.

(12)  Claims asserted pursuant to Article I of the Connecticut Constitution. See id. at 57-61.

(13)  All claims for negligence. See id. at 62-63.

(14)  Claims for conversion against CO Peracchio, CO Vargas,

Lieutenant Boyd, Warden Erfe, and Captain Papoosha. See id. at 63-64.

The allegations of the Amended Complaint fail to correct the deficiencies identified in the Initial Review Order of the original Complaint, omit the above-referenced claim(s), or otherwise fail to state a cognizable claim as to these matters. Accordingly, these claims remain **DISMISSED** from this action.

D.    Fourteenth Amendment Procedural Due Process Claims

Plaintiff reasserts his claims brought pursuant to the Fourteenth Amendment procedural due process clause. The Court adopts the law relevant to procedural due process claims as set forth in the Initial Review Order. See Doc. #11 at 37-39.

1. Disciplinary Report for Threatening

In the original Complaint, plaintiff alleged procedural due process violations in connection with the disciplinary report charging him with making threatening statements. See Doc. #1 at p. 10-12, ¶¶44-46, 49, 50, 51, 52-58. In connection with this claim, Judge Hall ordered plaintiff to file a notice advising the Court within 30 days of the Initial Review Order's filing date, that is by June 13, 2021, "whether he waives for all time any and all claims in this action relating to the disciplinary sanctions affecting the duration of his confinement[.]" Doc. #11 at 41. Judge Hall warned plaintiff "that failure to file such a

8

statement within the required time will be deemed to constitute his refusal to waive those claims and will thus result in the dismissal of his Fourteenth Amendment due Process claim." Id. at 65-66; see also id. at 41.

Plaintiff has failed to file the "statement" or Notice required by the Initial Review Order. Id. at 41, 66. Accordingly, the Court **DISMISSES** plaintiff's Fourteenth Amendment due process claim arising from his disciplinary charges for threatening.

*2. Disciplinary Report for Possessing Contraband*

Judge Hall dismissed plaintiff's procedural due process claim arising from the disciplinary report issued by CO Vargas for possessing contraband because plaintiff had not alleged any deprivation of a liberty interest after the charges arising from this report were dismissed. See Doc. #11 at 42.

Plaintiff's Amended Complaint alleges the same facts as the original Complaint with respect to this claim. Accordingly, the deficiencies identified in the Initial Review Order have not been cured by plaintiff's Amended Complaint, and accordingly, this claim remains **DISMISSED.**

3. *Disciplinary Report for SRG Affiliation*

Judge Hall dismissed plaintiff's procedural due process claim arising related to the disciplinary report charging

plaintiff with SRG affiliation. <u>See</u> Doc. #11 at 42-44. The allegations in the Amended Complaint do not cure the deficiencies identified in the Initial Review Order. <u>See</u> Doc. #37 at p. 15, ¶65. Accordingly, this claim remains **DISMISSED**.

### 4. SRG Designation and Placement

After initial review, Judge Hall permitted plaintiff's procedural due process claim arising from plaintiff's SRG designation and placement to proceed against Lieutenant Cuzio, Captain Taylor, CO Vargas, Lieutenant Boyd, CO Peracchio, CO Wright, Captain Papoosha, Director Santiago, Director Magia, Warden Erfe, and District Administrator Mulligan. <u>See</u> Doc. #11 at 44-47.[3]

The Amended Complaint alleges essentially the same facts as alleged in the original Complaint. However, upon further review, the Court finds that the Amended Complaint fails to sufficiently allege the personal involvement of Captain Taylor, CO Vargas, Lieutenant Boyd, CO Peracchio, or CO Wright in the designation decision and placement. Thus, the procedural due process claim arising from plaintiff's SRG designation and placement against

---

[3] Judge Hall dismissed this claim as to Deputy Warden Guadarrama for lack of personal involvement. <u>See</u> Doc. #11 at 46-47. Plaintiff has not alleged facts to cure this deficiency. Accordingly, this claim as to Deputy Warden Guadarrama remains **DISMISSED**.

Captain Taylor, CO Vargas, Lieutenant Boyd, CO Peracchio, and CO Wright is **DISMISSED**.

Accordingly, plaintiff's procedural due process claim arising from his SRG designation and placement may proceed against Lieutenant Cuzio, Captain Papoosha, Director Santiago, Director Magia, Warden Erfe, and District Administrator Mulligan,[4] each of whom plaintiff has alleged had some personal involvement in plaintiff's SRG designation and placement.

E.   Eighth Amendment Conditions of Confinement Claims

After review of plaintiff's original Complaint, Judge Hall permitted plaintiff's Eighth Amendment conditions of confinement claims "concerning the specific unsanitary conditions in his first RHU cell" to proceed "against Taylor, Wright, Vargas, Boyd, Erfe, Guadarrama, and Papoosha." Doc. #11 at 50; see also id. at 50-51.[5] Judge Hall dismissed plaintiff's claim for Eighth

---

[4] See Martinez v. Payne, No. 3:20CV00231(JAM), 2021 WL 3493616, at *3 (D. Conn. Aug. 7, 2021) (noting specific procedure under Administrative Directive 9.6(9) for appeals of SRG designations to the appropriate District Administrator).

[5] The original Complaint alleged that while in RHU at Cheshire plaintiff had been subjected, for nineteen days, to a cell that was cold; covered in a chemical agent and bodily fluids; and had sewer water and feces dripping from the ceiling. See Doc. #1 at p. 24, ¶¶121-23. After those nineteen days, plaintiff was "moved to another cell that had been freshly painted but was still cold, had mold and rust around the base of the walls, ... [and] no sprinklers." Id. at ¶124.

Amendment deliberate indifference to medical needs "in connection with his 'cough' and 'burning feeling in his chest from the cold and chemical agent[.]'" Id. at 51 (quoting Doc. #1 at p. 24, ¶123).

The allegations of the Amended Complaint fail to correct the deficiencies identified in the Initial Review Order as to plaintiff's claims of deliberate indifference to plaintiff's serious medical needs. Accordingly, this claim remains **DISMISSED.**

The allegations of the Amended Complaint again assert Eighth Amendment violations against CO Vargas, CO Wright, Lieutenant Boyd, Captain Taylor, Deputy Warden Guadarrama, Warden Erfe, and Captain Papoosha, relating to unsanitary conditions. See Doc. #37 at p. 20-22, ¶¶82-88. Plaintiff complains of the same cell conditions as alleged in the original Complaint. Compare id., with Doc. #1 at p. 24, ¶¶121-24. Accordingly, plaintiff may proceed on his Eighth Amendment claim against these defendants as related to the time he spent in RHU at Cheshire a cell that was cold; covered in a chemical agent and bodily fluids; and had sewer water and feces dripping from the ceiling. However, on further review, the Court concludes that plaintiff has not alleged an Eighth Amendment violation

12

based on the existence of rust and mold in plaintiff's
replacement cell, or the lack of fire sprinklers.

"The Eighth Amendment does not mandate comfortable prisons,
but prisons nevertheless must provide humane conditions of
confinement[.]" Willey v. Kirkpatrick, 801 F.3d 51, 66 (2d Cir.
2015) (citations and quotation marks omitted); see also Rhodes
v. Chapman, 452 U.S. 337, 347 (1981) (To satisfy the objective
component of an Eighth Amendment claim, a prisoner must
demonstrate that his or her conditions of confinement alone or
in combination resulted in "unquestioned and serious
deprivations of basic human needs" or "deprive[d] [him or her]
of the minimal civilized measures of life's necessities."). As
the Second Circuit has explained, there is no "bright-line
durational requirement for a viable unsanitary-conditions
claim[, n]or is there some minimal level of grotesquerie
required." Willey, 801 F.3d at 68. However, courts "must
consider both the duration and the severity of an inmate's
experience of being exposed to unsanitary conditions." Id.

    *1. Mold*

Exposure to mold may support an Eighth Amendment claim, but
not every exposure gives rise to a harm of constitutional
dimension. See, e.g., Vogel v. Smith, No. 20CV06349(NSR), 2020
WL 5947729, at *3 (S.D.N.Y. Oct. 6, 2020) (dismissing claim of

deliberate indifference based on exposure to, <u>inter alia</u>, mold given plaintiff's failure to allege the length of exposure or other facts showing the conditions put his health or safety at risk); <u>Silsby v. Sloan</u>, No. 1:18CV01832(DCN), 2019 WL 2107321, at *3 (N.D. Ohio May 14, 2019) (dismissing claim where plaintiff had not alleged that mold in the shower was toxic "black mold," as opposed to mold that was simply black in color, or that the condition of the showers contravened standards of decency).

Here, plaintiff alleges only that there was mold in his cell. Plaintiff alleges no facts indicating that, either alone or in combination with the other conditions, the mold posed any "unreasonable risk of serious damage to his health[]" or violated "contemporary standards of decency[]" during his confinement. <u>Walker v. Schult</u>, 717 F.3d 119, 125 (2d Cir. 2013) (citations and quotation marks omitted); <u>see also</u> <u>Swiderski v. Harmon</u>, No. 19CV02321(MAK), 2020 WL 6286720, at *9 (E.D. Pa. Oct. 27, 2020) ("The mere presence of mold does not indicate an objectively serious deprivation." (citation and quotation marks omitted)). Accordingly, plaintiff's Eighth Amendment conditions of confinement claim related to mold exposure is **DISMISSED**.

*2. Rust*

The Amended Complaint provides no suggestion that the presence of rust in plaintiff's cell resulted in a substantial

risk of harm to plaintiff's health. See Govan v. Campbell, 289
F. Supp. 2d 289, 296 (N.D.N.Y. 2003) (concluding that plaintiff
who failed to allege how he was harmed by rusty shower stalls
failed to state an Eighth Amendment claim); Molina v. Harry, No.
3:18CV01391(MWB), 2020 WL 5026509 (M.D. Pa. Aug. 25, 2020)
("[T]he mere presence of rust, absent an allegation that any
health problems were caused by the rust is insufficient to state
a claim under the Eighth Amendment." (citation and quotation
marks omitted)). Accordingly, plaintiff's Eighth Amendment
conditions of confinement claim related to the presence of rust
in his cell is **DISMISSED.**

    3. *Fire Sprinklers*

Plaintiff has not alleged facts to suggest an Eighth
Amendment violation based on lack of in-cell fire sprinklers.

An inmate fails to state a constitutional deprivation by
merely alleging the absence of a specific fire safety mechanism
without alleging that the prison facility otherwise lacked
adequate and reliable fire protection. See Ford v. Aramark,
18CV02696(NSR), 2020 WL 377882, at *8 (S.D.N.Y Jan. 23, 2020)
(dismissing inmate claim based on nonfunctioning fire sprinkler
where plaintiff failed to "otherwise establish that the Jail
lacked adequate and reliable fire protection[]"); Deas v. Ingham
Cnty. Jail, No. 1:18CV00838(JTN), 2018 WL 3853521, at *4 (W.D.

Mich. Aug. 14, 2018) ("[T]he absence of sprinklers does not make
the jail inherently dangerous. The presence or absence of
sprinklers is simply a part of the jail's fire safety plan.
Highlighting the absence of one particular potential element of
such a plan does not suffice to establish a sufficiently serious
risk to safety or deliberate indifference to such a risk.").[6]
Accordingly, plaintiff's Eighth Amendment conditions of
confinement claim related to the absence of fire sprinklers is
**DISMISSED**.

In sum, and consistent with the prior Initial Review Order,
plaintiff may proceed on his Eighth Amendment conditions of
confinement claims against Captain Taylor, CO Vargas, Lieutenant
Boyd, Warden Erfe, Deputy Warden Guadarrama, and Captain
Papoosha, based on deliberate indifference to plaintiff's
exposure to a chemical agent, bodily fluids and feces, and cold
temperatures while housed in the Cheshire RHU.

F.    Intentional Infliction of Emotional Distress

Judge Hall permitted plaintiff's claims for intentional
infliction of emotional distress ("IIED") to proceed against
defendants CO Wright, CO Vargas, CO Peracchio, Lieutenant Cuzio,

---

[6] "[N]ot every deviation from ideally safe conditions constitutes
a violation of the constitution[.]" Santana v. Collazo, 714 F.2d
1172, 1183 (1st Cir. 1983); see also Coniglio v. Thomas, 657 F.
Supp. 409, 414 (S.D.N.Y. 1987).

Lieutenant Boyd, Captain Taylor, and Captain Papoosha. See Doc. #11 at 61-62. Judge Hall limited such claims to those related to (1) the retaliatory search; (2) the coordinated and sustained effort to prolong plaintiff's stay in the RHU; and (3) the coordinated effort to coerce plaintiff to plead guilty to certain disciplinary reports. See id.

In the Amended Complaint, plaintiff alleges that the "actions" of CO Wright, CO Vargas, CO Peracchio, Lieutenant Cuzio, Lieutenant Boyd, Captain Taylor, Captain Papoosha, and Warden Erfe "constitute the tort of intentional infliction of emotional distress." Doc. #37 at p. 23, ¶94; see also id. at 7-17, ¶¶32-79.

For reasons stated in the Initial Review Order, the Court will permit this claim to proceed as related to allegations of (1) the retaliatory search; (2) the coordinated and sustained effort to prolong plaintiff's stay in the RHU; and (3) the coordinated effort to coerce plaintiff to plead guilty to certain disciplinary reports against CO Wright, CO Vargas, CO Peracchio, Lieutenant Cuzio, Lieutenant Boyd, Captain Taylor, and Captain Papoosha.

However, the allegations of the Amended Complaint fail to rise to the level of IIED as to Warden Erfe. See Appleton v. Bd. of Educ. of the Town of Stonington, 757 A.2d 1059, 1062 (Conn.

17

2000) (stating the elements of IIED claim). Accordingly, any claims for IIED asserted as to Warden Erfe are **DISMISSED**.[7]

G. Injunctive Relief

Plaintiff's Amended Complaint asserts claims against the defendants in their official capacities. See Doc. #37 at 24, ¶97.

On initial review of the original Complaint, Judge Hall dismissed plaintiff's official capacity claims for declaratory relief and monetary damages, but permitted plaintiff's "requests for injunctive relief pertaining to his SRG designation and housing[,] and his Asatru faith to proceed against Captain Papoosha, Director Santiago, and Director Magia[.]" Doc. #11 at 56.

Judge Hall dismissed plaintiff's requests for injunctive relief pertaining to the Eighth Amendment claims that had been severed (for medical treatment and physical therapy, a mattress, bottom bunk pass, single cell status, possession of electronics, ordering items from the commissary, electronics and art supplies). See id. at 55. Judge Hall also concluded that the Court did not have the authority to order removal of his SRG

---

[7] Judge Hall dismissed plaintiff's claim for IIED against Captain Papoosha related to his comment about plaintiff's attendance at Catholic services. See Doc. #11 at 62. This claim remains **DISMISSED.**

designation or to have DOC seal his information, and that his

"request to order videotaping and recording of all disciplinary

and SRG hearings would unduly involve the court in DOC's role to

control and monitor the prison population." Id. at 55-56

The Amended Complaint does not assert the same requests for

injunctive relief sought in the original Complaint. Instead,

plaintiff asserts a request for the Court to order that the (1)

DOC "video and/or audiorecord all disciplinary and/or SRG

hearings as well as any interactions between plaintiff and

security division officers and facility intel officials," and

(2) that plaintiff be provided with "proper physical and mental

health treatment for his preexisting medical diagnosis." Doc.

#37 at 24, ¶¶97(B)-(C) (sic).[8]

"[A] plaintiff may sue a state official acting in his

official capacity — notwithstanding the Eleventh Amendment — for

'prospective injunctive relief' from violations of federal law."

In re Deposit Ins. Agency, 482 F.3d 612, 617 (2d Cir. 2007)

---

[8] Plaintiff reasserts his request for "an injunction ordering
defendants to remove plaintiff from (SRG) special monitoring
status with restoration of all privileges to include out of POD
job and school opportunities[.]" Doc. #37 at p. 24, ¶97(A). For
reasons stated in the Initial Review Order on the original
Complaint, this request is not permitted to proceed beyond
initial review. See Doc. #11 at 55-56.

(citation omitted); see also See Ex parte Young, 209 U.S. 123, 155-56 (1908).

"In the prison context, a request for injunctive relief must always be viewed with great caution so as not to immerse the federal judiciary in the management of state prisons." Fisher v. Goord, 981 F. Supp. 140, 167 (W.D.N.Y. 1997) (citing Farmer v. Brennan, 511 U.S. 825, 846-47 (1994)).  A district court may order "[p]rospective relief in any civil action with respect to prison conditions," provided such relief "extend[s] no further than necessary to correct the violation of the Federal right of a particular plaintiff or plaintiffs." 18 U.S.C. §3626(a)(1). "The scope of the remedy must be proportional to the scope of the violation, and the order must extend no further than necessary to remedy the violation." Brown v. Plata, 563 U.S. 493, 531 (2011). Thus, the Court should reject "remedial orders that unnecessarily reach out to improve prison conditions other than those that violate the Constitution." Id.

Plaintiff's requests for medical or mental health treatment must be dismissed because they are outside of the scope of remedying any ongoing due process violation in this matter. For reasons previously stated, plaintiff has not alleged any

plausible Eighth Amendment claim of deliberate indifference to serious medical needs.

For reasons stated in the Initial Review Order on plaintiff's original Complaint, his request for the Court to order videotaping and audio recording of all disciplinary and SRG hearings and all interactions between plaintiff and security and intelligence officials is dismissed. Such an order would unduly involve the Court in DOC's role to control and monitor the prison inmate population. See Doc. #11 at 56. Accordingly, plaintiff's requests for injunctive relief are **DISMISSED**.

## IV.   Conclusion and Orders

Based on the foregoing, the Amended Complaint may proceed on the following claims:

(1)   First Amendment retaliation claim against CO Vargas, CO Peracchio, Lieutenant Boyd, and Captain Taylor, related to plaintiff's allegations of a retaliatory search and disciplinary reports charging possession of contraband and SRG status.

(2)   First Amendment Free Exercise claim against Lieutenant Boyd for ordering plaintiff to remove religious pendants.

(3)   First Amendment Free Exercise claim against CO Peracchio, CO Vargas, CO Wright, Lieutenant Boyd, Captain Papoosha, Director Magia, Director Santiago, Lieutenant Cuzio, and Warden Erfe, for designating plaintiff SRG based on plaintiff's Asatru beliefs.

(4)   First Amendment Establishment clause claim against

Captain Papoosha, for his failure to recognize the Asatru faith.

(5)    Fourteenth Amendment procedural due process claim arising from plaintiff's SRG designation and placement against Lieutenant Cuzio, Captain Papoosha, Director Santiago, Direct Magia, Warden Erfe, and District Administrator Mulligan.

(6)    Eighth Amendment conditions of confinement claims against CO Vargas, CO Wright, Lieutenant Boyd, Captain Taylor, Deputy Warden Guadarrama, Warden Erfe, and Captain Papoosha related to the time plaintiff spent in RHU at Cheshire in a cell that was cold; covered in a chemical agent and bodily fluids; and had sewer water and feces dripping from the ceiling.

(7)    Intentional Infliction of Emotional Distress claims related to (1) the retaliatory search; (2) the coordinated and sustained effort to prolong plaintiff's stay in the RHU; and (3) the coordinated effort to coerce plaintiff to plead guilty to certain disciplinary reports against defendants CO Wright, CO Vargas, CO Peracchio, Lieutenant Cuzio, Lieutenant Boyd, Captain Taylor, and Captain Papoosha.

Because the Court has already afforded plaintiff an opportunity to amend his original Complaint, all other claims asserted in the Amended Complaint are **DISMISSED, with prejudice.**

22

SO ORDERED at New Haven, Connecticut this 22nd day of

November, 2021.

___/s/_____

Sarah A. L. Merriam

United States District Judge
