```
                   UNITED STATES DISTRICT COURT
                     DISTRICT OF CONNECTICUT

------------------------------X
                              :
RICHARD NAU                   :    Civil No. 3:21CV00019(SALM)
                              :
v.                            :
                              :
DANIEL PAPOOSHA, et al.       :    January 27, 2022
                              :
------------------------------X
```

### ORDER DENYING MOTION FOR SANCTIONS [Doc. #61]

Self-represented plaintiff Richard Nau ("plaintiff") has filed a motion for sanctions, entitled: "Plaintiff request sanctions be imposed upon defendant." Doc. #61 at 1.[1] Plaintiff asserts that defendant Papoosha engaged in "intentional misconduct during a meeting on or about 10-14-21 with the plaintiff." Id. Plaintiff asserts that he was called to a meeting with defendant Papoosha. See id. "Defendant Papoosha handed plaintiff a manila envelope and told plaintiff that the unredacted documents I requested to review from Assistant Attorney General Rowley were enclosed." Id. at 2. Plaintiff reviewed the documents, but was "denied pen and paper by defendant Papoosha" so he was unable to take notes. Id. at 3.

Plaintiff makes a variety of other allegations about this meeting, contending that "defendant Papoosha intentionally

---

[1] Plaintiff writes largely in capital letters. The Court does not attempt to reproduce his capitalization herein.

~ 1 ~

called the plaintiff to the Lieutenants office during mass inmate movement in the facility to make it appear that the plaintiff is an informant to other inmates and staff[,]" and that Papoosha "intentionally chose to have the plaintiff sit in the middle of the room surrounded by several facility intel officials to intimidate the plaintiff[.]" Id. at 6 (sic).

As relief, plaintiff seeks:

> Plaintiff request defendant Papoosha to personally be required to pay plaintiff $1,000.00 dollars as a sanction for his intentional misconduct and for the defendant to be instructed to remain free of any future intimidation and retaliatory actions against the plaintiff and any other witness' in this case.

Id. at 7 (sic).

To the extent plaintiff's motion seeks injunctive relief, such relief is **DENIED**, because, inter alia, it does not relate to the claims at issue in this case. The remaining claims against defendant Papoosha in this action, after Initial Review of the Amended Complaint, are: (1) a First Amendment Free Exercise claim; (2) a First Amendment Establishment clause claim; (3) a Fourteenth Amendment procedural due process claim arising from plaintiff's SRG designation and placement; (4) an Eighth Amendment conditions of confinement claims related to a cell at Cheshire that was alleged to be cold and contaminated with a chemical agent, bodily fluids, and sewer water; and (5) an Intentional Infliction of Emotional Distress claim related to

an allegedly retaliatory search, an effort to prolong plaintiff's stay in the RHU, and an effort to coerce plaintiff to plead guilty to certain disciplinary reports. See Doc. #52 at 21-22. There is no claim pending against Papoosha in this case for retaliation, or for attempting to portray plaintiff as an informant. "[I]njunctive relief is inappropriate where the injunction deals with a matter unrelated to the issues in the lawsuit and seeks relief different from that which may be granted in the case." Cosby v. Tawana, No. 3:19CV00401(MPS), 2019 WL 5298144, at *3 (D. Conn. Oct. 18, 2019).

To the extent plaintiff seeks sanctions, he does not articulate any legal authority for the Court to issue such sanctions. He does not contend that Papoosha has violated any Court order,[2] or that he engaged in "conduct which abuses the judicial process." Chambers v. NASCO, Inc., 501 U.S. 32, 44-45 (1991). Furthermore, plaintiff does not assert that he has made any effort to avail himself of the grievance procedures provided to address Papoosha's alleged conduct. The fact that a civil action has been permitted to proceed against a defendant on certain claims is not an invitation to an inmate to seek relief

---

[2] See, e.g., State Farm Fire & Cas. Co. v. U.S ex rel. Rigsby, 137 S. Ct. 436, 444 (2016) ("District courts have inherent power, moreover, to impose sanctions ... for violations of court orders.").

for any and all wrongs, whether real or imagined, involving that defendant, for the entire duration of the civil action.

"Sanctions may be imposed against a party to an action under Fed. R. Civ. P. 11 or 37, 28 U.S.C. §1927, or the court's inherent power, none of which is applicable here." Toliver v. Colvin, No. 12CV00227(RJA), 2014 WL 1660609, at *9 (W.D.N.Y. Apr. 24, 2014) (short citations omitted). There is simply no basis for the award of sanctions based on this motion. In addition, a motion for sanctions "is not the appropriate vehicle" for a plaintiff "to introduce new allegations of retaliation[.]" Garvey v. Town of Clarkstown, N.Y., No. 13CV08305(KBF), 2018 WL 1026379, at *14 n.14 (S.D.N.Y. Feb. 22, 2018), aff'd sub nom. Garvey v. Sullivan, 773 F. App'x 634 (2d Cir. 2019).

Plaintiff's motion for sanctions **[Doc. #61]** is **DENIED**.

It is so ordered this 27th day of January, 2022, at New Haven, Connecticut.

                                           /s/
                                      Sarah A. L. Merriam
                                      United States District Judge