**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

```
-----------------------------X
                             :
RICHARD NAU                  :    Civil No. 3:21CV00019(SALM)
                             :
v.                           :
                             :
CO WRIGHT, et al.            :    August 4, 2022
                             :
-----------------------------X
```

**ORDER**

Self-represented plaintiff Richard Nau, a sentenced inmate at Corrigan-Radgowski Correctional Center ("Corrigan"),[1] brings this action relating to events occurring during his incarceration in the custody of the Connecticut Department of Correction ("DOC").

Plaintiff has filed a Request for Entry of Default against defendant Wright, see Doc. #112; a Motion to Strike defendant Wright's Answer, see Doc. #118; and a Motion for Sanctions, see

---

[1] The Court may take judicial notice of matters of public record. See, e.g., Mangiafico v. Blumenthal, 471 F.3d 391, 398 (2d Cir. 2006); United States v. Rivera, 466 F. Supp. 3d 310, 313 (D. Conn. 2020) (taking judicial notice of BOP inmate location information); Ligon v. Doherty, 208 F. Supp. 2d 384, 386 (E.D.N.Y. 2002) (taking judicial notice of state prison website inmate location information). The Court takes judicial notice of the Connecticut DOC website, which reflects that Nau entered DOC custody on August 12, 2013, and was sentenced on December 2, 2015. See Connecticut State Department of Correction, Inmate Information, http://www.ctinmateinfo.state.ct.us/detailsupv.asp?id_inmt_num=398573 (last visited August 3, 2022).

Doc. #119. Defendant Wright has filed a Memorandum in Opposition to plaintiff's Request for Entry of Default, see Doc. #124; a Memorandum in Opposition to plaintiff's Motion for Sanctions, see Doc. #126; and a Motion for Extension of Time Nunc Pro Tunc for Defendant Wright to File an Answer to the Second Amended Complaint, see Doc. #125. For the reasons set forth below, plaintiff's Request for Entry of Default [**Doc. #112**], Motion to Strike defendant Wright's Answer [**Doc. #118**], and Motion for Sanctions [**Doc. #119**] are **DENIED**, and defendant Wright's Motion for Extension of Time [**Doc. #125**] is **GRANTED**.

I.   **Background**

Plaintiff brought this action on January 4, 2021. See Doc. #1. The Court issued an Initial Review Order ("IRO") of plaintiff's original Complaint on May 13, 2021. See Doc. #11. The Court permitted plaintiff's original Complaint to proceed to service of process on multiple claims against multiple defendants. See generally id. Of relevance here, the Court permitted plaintiff's original Complaint to proceed to service against defendant Wright in his individual capacity on certain claims brought pursuant to 42 U.S.C. §1983 and state common law. See id. at 64-65.

The IRO directed the Clerk of Court to verify the current work addresses for all defendants, including CO Wright,

with the DOC Office of Legal Affairs, mail a waiver of

service of process request packet containing the
Complaint to them at their confirmed addresses within
**twenty-one (21) days** of this Order, and report on the
status of the waiver request on the **thirty-fifth (35th)
day** after mailing. If any defendant fails to return the
waiver request, the Clerk shall make arrangements for
in-person individual capacity service by the U.S.
Marshals Service on that defendant, and that defendant
shall be required to pay the costs of such service in
accordance with Federal Rule of Civil Procedure 4(d).

Id. at 66.

On May 19, 2021, the Court entered the following Order:

The Department of Correction ("DOC") Office of Legal
Affairs has reported that it cannot identify CO Wright
because more than one CO Wright is employed at Cheshire
Correctional Institution[.] Accordingly, the DOC
requires additional identifying information about this
defendant so that the Court may effect service. The
plaintiff is hereby directed to provide further
identifying information about this defendant so that
service may be completed. The plaintiff may serve a
discovery request on the defendants for information to
identify the proper defendant. The plaintiff is
instructed, within 45 days of this Order's filing date,
to provide this information in a notice entitled Notice
Re: Identifying Information. Failure to provide this
information within the 45-day time period will result in
dismissal of this defendant from this action.

Doc. #14 (sic).

On June 9, 2021, plaintiff filed a "Motion to Identify"

defendant Wright, which provided "additional identifying

information ... so the Court may effect service on the

defendant." Doc. #24 at 1.

Plaintiff filed an Amended Complaint on August 19, 2021,

naming multiple defendants, including defendant Wright. See Doc.

#37. On August 26, 2021, all remaining defendants, with the

exception of defendant Wright, filed an Answer to plaintiff's Amended Complaint. See Doc. #39.

On September 7, 2021, the Court entered an order granting plaintiff's Motion to Identify Defendant Wright "to the extent that DOC can identify the correct defendant." Doc. #41. The Court's Order stated, in part:

> The Court requests the Clerk to contact the DOC Office of Legal Affairs to verify the current work address for CO Wright in accordance with the identifying information provided by Plaintiff in his motion (Doc. No. 24). If CO Wright is identified, the Clerk is instructed to mail a waiver of service of process request packet containing the Complaint and the Initial Review Order to him within twenty-one days of this Order, and report on the status of the waiver request on the thirty-fifth (35th) day after mailing. If Defendant Wright fails to return the waiver request, the Clerk shall make arrangements for in-person individual capacity service by the U.S. Marshals Service on that defendant, and that defendant shall be required to pay the costs of such service in accordance with Federal Rule of Civil Procedure 4(d). If CO Wright cannot be identified from the information in Plaintiffs motion, Plaintiff is directed to utilize the discovery process to obtain a service address for CO Wright. It is the responsibility of the plaintiff to provide a current address at which service may be effected on each defendant. Lewis v. Madonado, 2015 WL 2016174, at *1 (D. Conn. May 1, 2015).

Id.

Defendant Wright was subsequently identified as Lt. James Wright. A Request for Waiver of Service Packet was sent to defendant Wright on September 23, 2021. No waiver of service was returned by defendant Wright. Accordingly, a summons was issued

to defendant Wright on November 9, 2021. See Doc. #49.[2]

On November 22, 2021, the Court issued an IRO of plaintiff's Amended Complaint. See Doc. #52. The Court's IRO permitted plaintiff's Amended Complaint to proceed on multiple claims against multiple defendants. See id. at 21-22. As relevant here, the Court permitted the Amended Complaint to proceed to service of process against defendant Wright for claims brought pursuant to 42 U.S.C. §1983 and state common law. See id.

On the same day, the Court entered an Order appointing "pro bono counsel **for the limited purpose** of filing a streamlined Second Amended Complaint that includes only those claims, and the facts relevant thereto, that have been allowed to proceed in the Initial Review Order on the Amended Complaint." Doc. #53. In a separate Order filed on the same date, the Court stated:

> On August 26, 2021, all defendants, with the exception of CO Wright, filed an answer to the Amended Complaint. (Doc. #39). Defendants filed this answer prior to the Court's Initial Review Order on plaintiff's Amended Complaint. (Doc. #52). The Court hereby STRIKES defendants' Answer to the Amended Complaint (Doc. #39) as premature.
> The Court has ordered pro bono counsel appointed for the purpose of filing a Second Amended Complaint. No response to the Amended Complaint will be required, pending the filing of a Second Amended Complaint.
> Each defendant shall file an answer to the Second Amended Complaint within fourteen days (14) of its being filed.

---

[2] This matter was transferred to the undersigned on October 25, 2021. See Doc. #46.

Doc. #54.

Defendant Wright was served, in person, by the United States Marshal Service on December 2, 2021. See Doc. #110. On December 13, 2021, the Court issued an Order, stating: "Each defendant shall respond to the Second Amended Complaint on or before **January 26, 2022**." Doc. #62.

On January 24, 2022, "defendants Vargas, Peracchio, Taylor, Boyd, Papoosha, Maiga, Santiago, Cuzio, Erfe, Mulligan, and Guadarrama, ... file[d] their Answer and Affirmative Defenses to the plaintiff's Second Amended Complaint[.]" Doc. #77 at 1. Defendant Wright did not join in the Answer or otherwise respond to the Second Amended Complaint. Counsel appearing for the other defendants did not appear for Wright.

Plaintiff filed a Motion to Serve defendant Wright on May 11, 2022. See Doc. #108. The Court directed the Clerk to inquire of the United States Marshal Service regarding the status of service, and the Clerk was informed that Wright had been served on December 2, 2021. On May 13, 2022, the Clerk of Court docketed the Summons Returned Executed as to defendant Wright, which reflects that defendant Wright was served on December 2, 2021. See Doc. #110.

On May 20, 2022, the Court entered an Order terminating, as moot, plaintiff's Motion to Serve defendant Wright. See Doc. #111. The Court's Order stated:

Plaintiff has filed a motion requesting that defendant Wright "be served as a party in this case so he can properly answer and respond to discovery relevant in this case." Doc. #108 at 2. On May 13, 2022, the Clerk of the Court filed the Summons Returned Executed, which reflects that defendant Wright was served on December 2, 2021. See Doc. #103 at 1. Each defendant was required to "respond to the Second Amended Complaint on or before **January 26, 2022.**" Doc. #62. To date, however, defendant Wright has not filed any response to the Second Amended Complaint or otherwise appeared in this case.

It thus appears that defendant Wright is in default. See Fed. R. Civ. P. 55(a) ("When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default."). Plaintiff may file a motion for an entry of default against defendant Wright on or before **June 15, 2022**. It is so ordered.

Id.

Plaintiff moved for an entry of default against defendant Wright on May 24, 2022. See Doc. #112. The same day, Attorney Rowley, who had previously appeared for the other defendants, filed a notice of appearance and an Answer on behalf of defendant Wright. See Doc. #113 (Notice of Appearance); Doc. #114 (Answer).

On May 31, 2022, the Court entered an Order directing defendant Wright to file: "(1) a response to plaintiff's Motion for Default Entry, and (2) a motion for extension of time nunc pro tunc to file an Answer, providing good cause for his failure to timely respond to the Second Amended Complaint." Doc. #117.

The same day, plaintiff filed a motion to strike the Answer

defendant Wright had filed, as well as a Motion for Sanctions.
<u>See</u> Doc. #118 (Motion to Strike), Doc. #119 (Motion for
Sanctions).

On June 9, 2022, defendant Wright filed a Memorandum in
Opposition to plaintiff's Request for Entry of Default, <u>see</u> Doc.
#124, a Memorandum in Opposition to plaintiff's Motion for
Sanctions, <u>see</u> Doc. #126, and a Motion for Extension of Time
<u>Nunc Pro Tunc</u> for Defendant Wright to File an Answer to the
Second Amended Complaint. <u>See</u> Doc. #125.

## II.  **Discussion**

Under Rule 55(a), "[w]hen a party against whom a judgment
for affirmative relief is sought has failed to plead or
otherwise defend, and that failure is shown by affidavit or
otherwise, the clerk must enter the party's default." Fed. R.
Civ. P. 55(a). The Court maintains discretion, however, to
decline to enter default when "it is apparent that the default
will be set aside on motion." <u>Noel v. Wal-Mart Stores E., L.P.</u>,
No. 2:17CV00125(WKS), 2019 WL 13133291, at *1 (D. Vt. Aug. 12,
2019) (citations and quotation marks omitted). In considering
whether to enter default against defendant Wright in this
unusual circumstance, the Court therefore considers the
standards that ordinarily apply when a court evaluates a motion
to vacate a default that has already been entered.

"A default ... may be set aside for 'good cause shown,'

Fed. R. Civ. P. 55(c), and a district judge has discretion in determining whether such cause has been shown." Brock v. Unique Racquetball & Health Clubs, Inc., 786 F.2d 61, 64 (2d Cir. 1986). However, that discretion is "not unlimited[.] ... The circumscribed scope of the district court's discretion in the context of a default is a reflection of [the Second Circuit's] oft-stated preference for resolving disputes on the merits." Enron Oil Corp. v. Diakuhara, 10 F.3d 90, 95 (2d Cir. 1993). "[B]ecause defaults are generally disfavored and are reserved for rare occasions, when doubt exists as to whether a default should be granted or vacated, the doubt should be resolved in favor of the defaulting party. In other words, 'good cause' ... should be construed generously." Id. at 96.

When determining whether such good cause exists, the Court considers: "(1) whether the default was willful; (2) whether setting aside [or denying entry of] the default would prejudice the adversary; and (3) whether a meritorious defense is presented." Id. Taken together, the Court finds that these factors weigh against the entry of default in this case.

## A.   Willfulness

The first factor weighs in favor of the entry of default against Wright. Whether a defendant's default was willful is a "subjective inquiry" that "effectively distinguishes those defaults that, though due to neglect, are excusable, from those

that are not." <u>Am. All. Ins. Co. v. Eagle Ins. Co.</u>, 92 F.3d 57, 61 (2d Cir. 1996) (footnote omitted). "[W]hile a determination that the defendant acted in bad faith would certainly support a finding of 'willfulness,' it is sufficient that the defendant defaulted deliberately." <u>Gucci Am. Inc., v. Gold Ctr. Jewelry</u>, 158 F.3d 631, 635 (2d Cir. 1998).

Defendant argues that his delay in answering the Second Amended Complaint was not willful because defense counsel "was never made aware of the fact that defendant Wright was served at any point in this case prior to May 13, 2022, when the executed summons was uploaded to the Court's docket." Doc. #124 at 6. While <u>counsel</u> may have been unaware of service until that date, the record reflects that **defendant Wright was properly served in person, by the United States Marshal Service**, on December 2, 2021. <u>See</u> Doc. #110. It is one thing to ignore or forget about a summons received in the mail; it is hard to believe that defendant Wright failed to understand the significance of personal service, at his place of work, by the United States Marshal Service.

Despite being properly served, however, defendant Wright took <u>no</u> action in response to the Second Amended Complaint until May 24, 2022. <u>See</u> Doc. #113 (Notice of Appearance); Doc. #114 (Answer). "A defendant's default is willful when the party was properly served with a summons and complaint and failed to

answer or otherwise respond." Manzanares v. Your Favorite Auto Repair & Diagnostic Ctr., Inc., No. 17CV05001(MKB), 2020 WL 6390162, at *5 (E.D.N.Y. Nov. 2, 2020). Accordingly, this factor weighs in favor of the entry of default.

However, "a finding of willfulness will not prevent the setting aside of an entry of default where the other factors are in a defendant's favor." Gench v. HostGator.com LLC, No. 14CV03592(RA)(GWG), 2015 WL 3757120, at *5 (S.D.N.Y. June 17, 2015), report and recommendation adopted, 2015 WL 4579147 (S.D.N.Y. July 29, 2015) (collecting cases); see also United States v. Forino, No. 3:14CV00979(DJS), 2015 WL 13016006, at *2 (D. Conn. Oct. 28, 2015) ("Even if a party's default were considered willful, if the defaulting party had a meritorious defense and the plaintiff would not be prejudiced if the default was vacated, a district court would not abuse its discretion by vacating the default." (citation and quotation marks omitted)). The Court therefore weighs this factor against the others.

**B.   Meritorious Defenses**

This factor weighs against the entry of default. In evaluating whether a meritorious defense exists, "[t]he test of such a defense is measured not by whether there is a likelihood that it will carry the day, but whether the evidence submitted, if proven at trial, would constitute a complete defense." Enron Oil Corp., 10 F. 3d at 98.

Defendant Wright asserts that "plaintiff failed to exhaust his administrative remedies as to most, if not all, of his claims in this case, which subjects them to dismissal under the Prison Litigation Reform Act. Additionally, defendant Wright has a strong defense to the claims against him on the merits, as well as on qualified immunity grounds." Doc. #124 at 7 (citation omitted).

These defenses, "if prove[n] at trial, would constitute a complete defense, and thus militate" against the entry of default. Abrahams v. Dept of Soc. Servs., No. 3:16CV00552(CSH), 2017 WL 10857856, at *2 (D. Conn. June 20, 2017). Accordingly, this factor weighs against entry of default.

**C.   Prejudice**

Finally, and most significantly, plaintiff has not established any meaningful prejudice that would support the entry of default against defendant Wright. "[D]elay standing alone does not establish prejudice." Enron Oil Corp., 10 F. 3d at 98. Instead, "it must be shown that delay will result in the loss of evidence, create increased difficulties of discovery, or provide greater opportunity for fraud and collusion." Davis v. Musler, 713 F.2d 907, 916 (2d Cir. 1983) (citation and quotation marks omitted).

Defendant Wright has now appeared through counsel, and has filed an Answer. See Doc. #113, Doc. #114. His Answer was

received prior to the commencement of dispositive motions practice, and there is no indication that the delay in his appearance has caused plaintiff any prejudice.

It is true that defendant Wright did not participate in discovery prior to his appearance. Plaintiff served interrogatories on defense counsel that were directed to defendant Wright, and those were not answered when served, because Wright had not appeared. See Doc. #118 at 2. Plaintiff served two multi-part interrogatories directed to defendant Wright on March 10, 2022. See Doc. #119 at 7-10. On June 7, 2022, defendant Wright provided responses and objections to the interrogatories served by plaintiff. See Doc. #124-1 at 2-5. Plaintiff has not articulated any way in which the delay in the service of those responses prejudiced him. There is no reason to believe that the delays caused by Wright's failure to respond to the summons caused any "loss of evidence, [or] create[d] increased difficulties of discovery[.]" Davis, 713 F.2d at 916.

Plaintiff has not established that defendant Wright's failure to appear in this action in a timely fashion resulted in any meaningful prejudice to plaintiff. Thus, this factor weighs against the entry of default.

On balance, the Court finds that entry of default is not warranted, especially in view of the Court's "preference for resolving disputes on the merits." Enron Oil Corp., 10 F.3d at

95. Accordingly, plaintiff's Request for Entry of Default [Doc. #112] is **DENIED.**

The Court accepts Wright's Answer. Defendant Wright's Motion for Extension of Time <u>Nunc Pro Tunc</u> to File an Answer to the Second Amended Complaint [Doc. #125] is **GRANTED,** and plaintiff's Motion to Strike defendant Wright's Answer [Doc. #118] is **DENIED.**

## III. <u>Sanctions</u>

Plaintiff has filed a motion requesting "the Court to impose sanctions upon defendant Wright and defense counsel Assistant Attorney General Edward Rowley[.]" Doc. #119 at 1.

Plaintiff first asserts that defendant Wright should be sanctioned for his failure to "make a motion or any other responsive pleading to answer or otherwise defend against plaintiffs complaint failing to comply with a court order to answer and furthermore failing obey an order to provide or permit discovery or to participate in this case in any way." <u>Id.</u> (sic). Where a motion for sanctions is based upon "the failure to file a timely answer," such a request may be "properly considered under Rule 55." <u>Lopez v. Cajmant LLC</u>, No. 15CV00593(SLT)(RER), 2016 WL 7017361, at *1 (E.D.N.Y. Dec. 1, 2016). A request for sanctions could also be made in this context pursuant to Rule 16(f) because defendant Wright "fail[ed] to obey a scheduling or other pretrial order." Fed. R.

Civ. P. 16(f)(1)(C). Rule 16 "vests a district court with discretion to impose whichever sanction it feels is appropriate under the circumstances. This sanctioning power accords with a district court's broader inherent power and responsibility to manage its docket so as to achieve the orderly and expeditious disposition of cases." Huebner v. Midland Credit Mgmt., Inc., 897 F.3d 42, 53 (2d Cir. 2018) (citations and quotation marks omitted).

The Court has already considered -- and rejected -- plaintiff's request for entry of default against defendant Wright under Rule 55. The Court finds that the lack of identifiable prejudice to plaintiff defeats his claim for sanctions. **Defendant Wright is advised, however, that if he fails to respond to a duly served complaint or to comply with court orders in the future, sanctions may be imposed on him personally.**

Plaintiff next asks the Court to impose sanctions against Attorney Rowley for writing plaintiff a letter stating: "Please be advised that I am returning these interrogatories to you as Officer Wright has not been served in this matter and no appearance has been filed on his behalf." Doc. #119 at 10. Plaintiff asserts that this statement is sanctionable because "Defense counsels response was made with full knowledge and/or the opportunity to verify that the Defendant Wright had in fact

been served, intentionally misleading, with discriminatory animus, the Plaintiff to believe the court had not served the Defendant and to exclude Defendant Wright from permitting and/or participating in discovery ordered by the Court." Id. at 2-3 (sic).

No return of service was filed in this matter until May 13, 2022. The Court did not know that defendant Wright had been served. Indeed, there is no indication that anyone other than defendant Wright was aware that he had been served. Attorney Rowley has represented that he was not aware that defendant Wright had been served until the return of service was filed on May 13, 2022. See Doc. #126 at 3; see also Doc. #125 at 3-4. Plaintiff makes only conclusory allegations that Attorney Rowley intended to mislead plaintiff by stating that defendant Wright had not yet been served in this matter. In the absence of any factual support for such allegations, the Court declines to impose sanctions on Attorney Rowley. See State v. U.S. Dep't of Commerce, 461 F. Supp. 3d 80, 89 (S.D.N.Y. 2020) ("[A] court will impose sanctions pursuant to its inherent powers only where a person 'has made a false statement to the court and has done so in bad faith.'" (quoting SEC v. Smith, 710 F.3d 87, 97 (2d Cir. 2013)). Accordingly, plaintiff's Motion for Sanctions [Doc. #119] is **DENIED.**

**IV.** **<u>Conclusion</u>**

For the reasons stated, plaintiff's Motion for Entry of Default [**Doc. #112**], Motion to Strike defendant Wright's Answer [**Doc. #118**], and Motion for Sanctions [**Doc. #119**] are **DENIED.** Defendant Wright's Motion for Extension of Time [**Doc. #125**] is **GRANTED.**

It is so ordered at Bridgeport, Connecticut, this 4th day of August, 2022.

<u>    /s/                           </u>
Hon. Sarah A. L. Merriam
United States District Judge